UNITED STATES TITLE GUARANTY CO. v. BROWN.

(Supreme Court, Appellate Division, Second Department. February 13, 1914.)

PLEADING (§ 317*)—BILL OF PARTICULARS—ABILITY TO FURNISH PARTICULARS.

In an action for an accounting, plaintiff alleged that it entered into contracts with numerous property owners to represent them in condemnation proceedings, and contracted with defendant to do certain legal work in connection with such proceedings and to collect and pay over to plaintiff the consideration provided by the contracts and the expenses advanced by it thereunder; that defendant had collected large sums of money due plaintiff under its agreements out of the awards made to such owners and claimants, and failed and refused to turn over the amounts so collected; that plaintiff had no means of knowledge and no means of ascertaining the various amounts so collected nor the names of the owners from whom they were collected; that defendant failed and refused to make weekly reports of the amounts collected and refused to pay over the expenses collected from allowances made by the condemnation commissioners; and that he had exacted and demanded additional fees and retainers from owners under contract with plaintiff in excess of the sums agreed to be paid by such owners to plaintiff. Held, that defendant was not entitled to a bill of particulars specifying the names of the property owners from whom he had collected money belonging to plaintiff which he had failed and refused to turn over, the times when he failed to make weekly reports, the names of those from whom he had exacted or demanded additional fees or retainers, and the times when and places

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where such demands and collections were made, and the amounts thereof; it appearing that plaintiff had no knowledge or information as to such matters, and that the accounting was sought for the purpose of acquiring information known to defendant and necessarily unknown to plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, Kings County.

Action by the United States Title Guaranty Company against Arthur A. Brown. From so much of an order as granted defendant's motion for a bill of particulars, plaintiff appeals. Reversed, and motion denied.

See, also, 144 N. Y. Supp. 1148.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Max Leff, of New York City, for appellant.

Frederick N. Van Zandt, of New York City, for respondent.

RICH, J. This appeal is from so much of an order of the Special Term as grants defendant's motion for a bill of particulars.

The action is for an accounting. The complaint alleges that the plaintiff, after entering into some 350 contracts with property owners to represent them in condemnation proceedings, entered into an agreement with defendant by which he undertook to do certain legal work in connection with said proceedings and to collect for and pay over to the plaintiff the consideration provided by said contracts, and the expenses advanced by it thereunder, and thereupon delivered to the defendant contracts it had entered into with said property owners, numbering more than 350; that the defendant, in violation and—

"breach of his said agreement with the plaintiff, has collected large sums of money due the plaintiff, under its agreement with owners' and claimants as hereinbefore alleged, out of the awards made to said owners and claimants, and has failed and refused to turn over the amounts so collected by him, although due and repeated demand has been made therefor. The plaintiff has no means of knowledge and no means of ascertaining the various amounts so collected by the defendant, nor the names of the owners from whom he has collected such amounts, and the defendant has threatened to continue his collection of such further amounts and to retain the proceeds; that the defendant has failed and refused to make weekly reports of the moneys collected by him from the said owners and claimants for and in behalf of the plaintiff, and refuses to pay over to the plaintiff the expenses collected by him from allowances made by the condemnation commissioners for such expenses; and the defendant threatens, as attorney of record, to proceed with the said condemnation proceedings, particularly those relating to business damages, and to collect the fees contracted to be paid to the plaintiff by the terms of the contracts with the said owners and retain the same for his own use and benefit; and the defendant, in violation of the terms of the agreement, has fraudulently exacted and demanded additional fees and retainers from owners and claimants who have made contracts with the plaintiff in excess of the sums agreed to be paid by the said owners and claimants to the plaintiff."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The answer denies the allegations quoted. It admits the contract and alleges that the contracts made by the plaintiff with the owners of property affected by the condemnation proceeding were outside of any power possessed by plaintiff, were ultra vires against public policy, and void; that such contracts and the agreement between the parties were contrary to law, null, and void; that "plaintiff has no right, power, or franchise to execute or perform any of said agreements."

The plaintiff has been required to specify the names of the property owners from whom the defendant has collected money belonging to the plaintiff which he has failed and refused to turn over, at what times he failed to make weekly reports, and the names of the owners from whom he has made collection and the names of those from whom he has exacted or demanded additional fees or retainers, in excess of sums agreed to be paid plaintiff, the times when and places where such demand and collections were made, and the amounts thereof. It appears that the plaintiff has no knowledge or information as to these matters. It makes no specific claim, because it has no knowledge upon which it could be based, and the accounting is sought for the purpose of acquiring information which is known to the defendant and necessarily unknown to the plaintiff. It would seem, therefore, that the facts presented to the learned court at Special Term were insufficient to justify the order appealed from, and it must be reversed. Heidenreich v. Hirsh, 85 App. Div. 319, 83 N. Y. Supp. 366; Reed v. Marks, 56 App. Div. 272, 67 N. Y. Supp. 735; Belasco v. Klaw, 96 App. Div. 268, 89 N. Y. Supp. 208; Fickinger v. Ives, 109 App. Div. 684, 96 N. Y. Supp. 396.

Order reversed, with $10 costs and disbursements, and defendant's motion for bill of particulars denied, with $10 costs. All concur.